10-1988-ag
Avdijaj v. Holder

BIA
A078 713 342

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of January, two thousand twelve.

PRESENT:
RALPH K. WINTER,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*
_____

FATON AVDIJAJ,
        *Petitioner,*

        v.                                        10-1988-ag
                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Charles Christophe, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Bernard A. Joseph, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Faton Avdijaj, of unknown nationality, seeks review of an April 23, 2010, decision of the BIA denying his motion to reopen his removal proceedings. *In re Avdijaj*, No. A078 713 342 (B.I.A. April 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA did not abuse its discretion in denying Avdijaj's motion to reopen as untimely. *See id*. A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. *See* 8 U.S.C. § 1229a(c)(7)(C). There is no dispute that Avdijaj's motion to reopen, filed in October 2009, more than five years after the BIA affirmed the IJ's denial of his asylum application, was untimely. *See id.*

Furthermore, the BIA did not abuse its discretion in concluding that Avdijaj failed to submit material evidence of changed country conditions as required to warrant consideration of his untimely motion, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), because the evidence he submitted did not rebut the agency's prior adverse credibility determination, *see Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005). Contrary to Avdijaj's contention, his apology for a "lapse in judgment" in submitting a fraudulent asylum application does not meaningfully address the adverse credibility determination, which was based on multiple alternative grounds, and is not before us in the instant petition. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). Because the BIA did not abuse its discretion in denying Avdijaj's motion on the grounds that he did not provide "material" evidence, *i.e.,* evidence relevant to rebut the underlying adverse credibility determination, *see Kaur*, 413 F.3d at 234, we decline to reach the BIA's alternative findings that he failed to demonstrate changed country conditions or his *prima facie* eligibility for CAT relief. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (recognizing that a movant's

3

failure to produce material evidence is an independent basis for the denial of a motion to reopen).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk